# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
### GULFPORT DIVISION

In re: §
§
HAZEL RUTH WADE SHIRLEY § Case No. 15-50455-KMS
§
Debtor §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 03/18/2015. The undersigned trustee was appointed on 03/18/2015.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of $ 200,000.00

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Payments made under an interim disbursement | 0.00 |
| Administrative expenses | 2,589.92 |
| Bank service fees | 3,424.17 |
| Other payments to creditors | 0.00 |
| Non-estate funds paid to 3rd Parties | 0.00 |
| Exemptions paid to the debtor | 0.00 |
| Other payments to the debtor | 0.00 |
| Leaving a balance on hand of[1] $ | 193,985.91 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was 07/21/2015 and the deadline for filing governmental claims was 09/14/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 13,250.00 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $ 0.00 as interim compensation and now requests a sum of $ 13,250.00 , for a total compensation of $ 13,250.00 [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 26.19 , for total expenses of $ 26.19 [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 06/22/2016                     By:/s/DEREK A. HENDERSON
                                           Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-50455 | KMS | Judge: | Katharine M. Samson | Trustee Name: | DEREK A. HENDERSON |
|---|---|---|---|---|---|---|
| Case Name: | HAZEL RUTH WADE SHIRLEY | | | | Date Filed (f) or Converted (c): | 03/18/2015 (f) |
| | | | | | 341(a) Meeting Date: | 04/17/2015 |
| For Period Ending: | 06/22/2016 | | | | Claims Bar Date: | 07/21/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Personal Residence Location: 3483 Hwy 18 West, Quitman Ms 39 | 175,000.00 | 0.00 | | 0.00 | FA |
| 2. Cash On Hand | 4,200.00 | 0.00 | | 0.00 | FA |
| 3. Certificate Of Deposit | 35,000.00 | 0.00 | | 0.00 | FA |
| 4. Checking Account (Wildcard Exemption) Bankplus | 400.00 | 0.00 | | 0.00 | FA |
| 5. Checking Account (Wildcard Exemption) Bankplus | 400.00 | 0.00 | | 0.00 | FA |
| 6. Household Goods And Furnishings (Wildcard Exemption) | 15,000.00 | 0.00 | | 0.00 | FA |
| 7. Clothing | 500.00 | 0.00 | | 0.00 | FA |
| 8. Jewelry (Wildcard Exemption) | 3,000.00 | 0.00 | | 0.00 | FA |
| 9. Firearm (Wildcard Exemption) | 350.00 | 0.00 | | 0.00 | FA |
| 10. Eic | Unknown | 0.00 | | 0.00 | FA |
| 11. Federal Income Tax Refund | Unknown | 0.00 | | 0.00 | FA |
| 12. State Income Tax Refund | Unknown | 0.00 | | 0.00 | FA |
| 13. 2013 Lincoln Mks (Wildcard Exemption) | 21,000.00 | 0.00 | | 0.00 | FA |
| 14. Mower (Wildcard Exemption) | 1,000.00 | 0.00 | | 0.00 | FA |
| 15. Claim against Gina Skelton and/or First State Bank (u) | 0.00 | 200,000.00 | | 200,000.00 | FA |

Gross Value of Remaining Assets

| TOTALS (Excluding Unknown Values) | $255,850.00 | $200,000.00 | | $200,000.00 | $0.00 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

09/30/15 - Debtor's daughter now has power of attorney.

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

| | | | |
|---|---|---|---|
| RE PROP # | 15 | -- | On 10/20/14, Debtor gave $100,000.00 to her daughter and her daughter applied the money towards her won mortgage. Then on 1/27/15, Debtor paid $100,000.00 to First State Bank towards her daughter's mortgage. |

Exhibit A

Initial Projected Date of Final Report (TFR): 06/30/2016     Current Projected Date of Final Report (TFR): 06/30/2016

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 15-50455
Case Name: HAZEL RUTH WADE SHIRLEY
Taxpayer ID No: XX-XXX3082
For Period Ending: 06/22/2016

Trustee Name: DEREK A. HENDERSON
Bank Name: Union Bank
Account Number/CD#: XXXXXX0998
Checking
Blanket Bond (per case limit): $27,869,306.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 05/06/15 | 15 | First State Bank Cashier's Check Remitter: Gina Skelton P.O. Box 506 Waynesboro, MS 39367 | Proceeds from bank account at First State Bank, Waynesboro, MS | 1249-000 | $200,000.00 | | $200,000.00 |
| 06/25/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $239.73 | $199,760.27 |
| 07/27/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $287.60 | $199,472.67 |
| 08/25/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $296.83 | $199,175.84 |
| 09/25/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $296.38 | $198,879.46 |
| 10/26/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $286.40 | $198,593.06 |
| 11/25/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $295.51 | $198,297.55 |
| 12/28/15 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $285.56 | $198,011.99 |
| 01/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $294.67 | $197,717.32 |
| 02/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $293.40 | $197,423.92 |
| 03/14/16 | 1001 | DEREK A. HENDERSON 1765-A LELIA DRIVE, SUITE 103 JACKSON, MS 39216 | 2016 Blanket Bond | 2300-000 | | $90.24 | $197,333.68 |
| 03/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $274.09 | $197,059.59 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*  Page Subtotals: $200,000.00   $2,940.41

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

Case No: 15-50455
Case Name: HAZEL RUTH WADE SHIRLEY
Taxpayer ID No: XX-XXX3082
For Period Ending: 06/22/2016

Trustee Name: DEREK A. HENDERSON
Bank Name: Union Bank
Account Number/CD#: XXXXXX0998
Checking
Blanket Bond (per case limit): $27,869,306.00
Separate Bond (if applicable):

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 04/06/16 | 1002 | DEREK A. HENDERSON 1765-A LELIA DRIVE, SUITE 103 JACKSON, MS 39216 | Attorney for Trustee Fees and Expenses per Court Order 04/04/16 | | | $2,499.68 | $194,559.91 |
| | | DEREK A. HENDERSON | Attorney for Trustee Fees ($2,475.00) | 3110-000 | | | |
| | | DEREK A. HENDERSON | Attorney for Trustee Expenses ($24.68) | 3120-000 | | | |
| 04/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $292.49 | $194,267.42 |
| 05/25/16 | | Union Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $281.51 | $193,985.91 |

|  |  |  |
|---|---|---|
| COLUMN TOTALS | $200,000.00 | $6,014.09 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $200,000.00 | $6,014.09 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $200,000.00 | $6,014.09 |

UST Form 101-7-TFR (5/1/2011) (Page: 6)      Page Subtotals:      $0.00      $3,073.68

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX0998 - Checking | $200,000.00 | $6,014.09 | $193,985.91 |
| | $200,000.00 | $6,014.09 | $193,985.91 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $200,000.00 |
| Total Gross Receipts: | $200,000.00 |

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-50455-KMS
Case Name: HAZEL RUTH WADE SHIRLEY
Trustee Name: DEREK A. HENDERSON

Balance on hand $ 193,985.91

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: DEREK A. HENDERSON | $ 13,250.00 | $ 0.00 | $ 13,250.00 |
| Trustee Expenses: DEREK A. HENDERSON | $ 26.19 | $ 0.00 | $ 26.19 |
| Attorney for Trustee Fees: DEREK A. HENDERSON | $ 2,475.00 | $ 2,475.00 | $ 0.00 |
| Attorney for Trustee Expenses: DEREK A. HENDERSON | $ 24.68 | $ 24.68 | $ 0.00 |

Total to be paid for chapter 7 administrative expenses    $ 13,276.19
Remaining Balance    $ 180,709.72

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 230,606.32 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 78.4 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | Discover Bank | $ 6,952.84 | $ 0.00 | $ 5,448.44 |
| 2 | First National Bank Of Omaha | $ 13,822.12 | $ 0.00 | $ 10,831.41 |
| 3 | Synchrony Bank | $ 124.30 | $ 0.00 | $ 97.41 |
| 4 | Pyod Llc | $ 3,393.90 | $ 0.00 | $ 2,659.56 |
| 5 | Springleaf Financial Services | $ 5,458.69 | $ 0.00 | $ 4,277.59 |
| 7 | Bankplus | $ 200,854.47 | $ 0.00 | $ 157,395.31 |
| | Total to be paid to timely general unsecured creditors | | $ | 180,709.72 |
| | Remaining Balance | | $ | 0.00 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

       Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

       Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE